THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTHUR HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NEW REZ, LLC, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C20-0642-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for default judgment, his response to order to show cause, and his motion to cease and desist (Dkt. Nos. 32, 33, 36). For the reasons described herein, Plaintiff's motions are DENIED and his case is DISMISSED without prejudice.

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). (Dkt. No. 5) He brings suit against his lender and mortgage servicing companies, alleging that their practices, authorized by 12 U.S.C. section 2605 and 12 U.S.C. section 1692, are unlawful because they violate the Fifth and Fourteenth Amendments to the Constitution.

Under 28 U.S.C. § 1915(e), district courts must dismiss IFP complaints if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also id.* § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

1 | The Court has reviewed the complaint and subsequent motions and determined Plaintiff fails to
2 | state a claim for which relief can be granted.

3 |     Plaintiff fails to show how Defendants, non-state actors, are subject to the constitutional
4 | limitations he describes. The Fifth Amendment applies to the federal government and
5 | governmental actors, and not private entities. *See S.F. Arts & Athletics, Inc. v. U.S. Olympic*
6 | *Comm.*, 483 U.S. 522, 542 n. 21 (1987). The Fourteenth Amendment applies to acts of the states,
7 | not to acts of private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). The
8 | Court cannot conceive of any factual allegations that would make Plaintiff's claims viable.
9 | Therefore, the Court concludes that it is appropriate to dismiss Plaintiff's complaint without
10 | leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (leave to amend is
11 | inappropriate where "it is absolutely clear that the deficiencies of the complaint could not be
12 | cured by amendment.").

13 |     Plaintiff's complaint is DISMISSED without prejudice. The Clerk is DIRECTED to close
14 | this case and mail a copy of this order to Plaintiff.

15 |     DATED this 22nd day of October 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE